EDWARDS, Judge.
From the granting of a motion for summary judgment, plaintiffs have appealed.
FACTS
This suit arises out of an automobile accident which took place on August 28, 1983. Plaintiffs, Jessie Carr, Barbara J. Carr, Joyce Carr Netherland, and Billy Carr, are family members of Haste Carr, who died as a result of injuries sustained in the accident.
The two vehicles involved in the accident were a 1981 GMC pickup, driven by Randy Singley, and a 1982 Nissan Sentra being driven by Barbara Carr. Jessie Carr and Haste Carr were passengers in the Sentra at the time of the accident. The Sentra collided with the side of the GMC pickup when the pickup allegedly failed to stop at a stop sign before proceeding across an intersection.
As a result of injuries received in the accident, plaintiffs filed suit against Nissan Motor Company, Ltd., the manufacturer of the Sentra, Nissan Motor Company In the U.S.A., the distributor of the Sentra; Bill Garrett Nissan, Inc., the vendor of the Sen-tra; Lott and Sons, Inc., a licensed dealer and repair facility which had serviced the Sentra; and Randy Singley, the driver of the 1981 pickup involved in the accident.
In the accident which gave rise to this suit, Mr. Haste Carr was allegedly killed as the result of a defective right front passenger seat track which was not properly secured and which would not lock in position. This defect allegedly caused the seat to slide forward upon impact, crushing Haste Carr against the dash.
Plaintiffs proceeded against Lott and Sons, Inc. on the basis of its duties as the licensed retail dealer and repair shop which had serviced the Sentra. Plaintiffs had had the Sentra serviced at Lott and Sons, Inc. on three separate occasions for problems unrelated to the passenger seat track. On at least two of those occasions, there was a conversation among Barbara Jane Carr, Joyce Netherland, and Bill Lott, the president of Lott and Sons, Inc., concerning a problem with the right front passenger seat. After partial discovery, Lott and Sons, Inc., filed a motion for summary judgment, which the trial court granted. From this judgment, plaintiffs appeal.
LAW
Summary judgment should only be granted when there are no material fact questions to be decided, and when the movers are entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Because we find that there are questions of material fact to be decided, we reverse and remand for trial on the merits.
*584 Plaintiffs maintain that they informed Billy Lott of the problems with the seat mechanism when visiting Lott and Sons, Inc. to check on an unrelated problem with the left rear panel of the Sentra. Specifically, Barbara Jane Carr Knight,* in deposition while being questioned on her conversation with Billy Lott, stated:
A. In the conversation, we were just standing — one of the people, the mechanics, had gone to drive the car for clanking, to see if he could hear the clanking noise. And I was standing there, talking to Billy; and we were talking about this little car, how nice it was. And I told him that, I said, “Boy, there’s only one thing.” I said, “You pull that seat, that ring in that seat, you best get out of the way.”
Q. Okay. Did you ever demonstrate that Mr. Lott?
A. Yes, I did.
Q. Okay. When did you demonstrate to Mr. Lott how the seat would move forward?
A. September or October of that year.
Q. On the second time you went back to Lott & Sons?
A. Yes.
On the other hand, Mr. Lott, in his supplemental memorandum in support for summary judgment, maintains that “he was not made aware of any problem with the seat latching mechanism.” While plaintiffs maintain they demonstrated the problem to Mr. Lott, Mr. Lott maintains he was not aware of that problem.
Lott and Sons, Inc., is an authorized dealer for Nissan automobiles. As such, its duties are higher than that of the ordinary repairman. In Hunt v. Ford Motor Co., 341 So.2d 614 (La.App. 2d Cir.1977), the duties of a new car dealer are described. In Hunt, the court stated:
A new car dealer with repair facilities, however, should be under a higher duty to discover and correct defects in a new car sold by it when the purchaser reports such defects and presents the automobile for repair. The usual new car warranty system virtually forces the purchaser to look to the dealer for the discovery of and repair of defects when symptoms of defects appear soon after purchase. It is the dealer and not the manufacturer whom the purchaser must look to and rely on for correction of difficulties that manifest themselves shortly after purchase. When presented with complaints of difficulty with a vital component of an automobile such as steering control, the dealer-repairman owes a high duty to make all reasonable efforts to locate and correct the difficulty. The dealer is, in effect, given notice of the existence of a defect and although the precise nature of the defect may not be actually known, the dealer then may be presumed or considered as knowing the vice of the thing he has sold. To negative this presumption, it is incumbent on the dealer-repairman to show that he made all reasonable efforts to discover the precise nature of the defect and that the defect could not be discovered in spite of such efforts. Where a manufacturing defect causes an accident and the dealer has prior notice of difficulties apparently relating to the defect with an opportunity to discover and correct the defect, in order to avoid liability for damages occasioned by the defect the dealer has the burden of showing he made reasonable and adequate efforts to discover the source of the difficulties and that the defect could not be discovered in spite of such efforts. (Emphasis added).
While Hunt involved a vendor-vendee relationship, we believe the duty applies equally well to licensed dealers who provide service under a manufacturer’s warranty obligation. Here, there is a question of material fact concerning the actual notice of the alleged defect in the passenger seat and Lott and Sons, Inc.’s duties after that notice which makes summary judgment inappropriate.
Lott & Sons, Inc. also maintains that while it may have known of the problem with the seat “flying forward” when the *585 lever was pulled, to release the seat and slide it forward providing entrance to the rear seat, it was not told about the inability of the seat to “lock” in position, the alleged cause of Mr. Haste Carr’s death. Lott & Sons, Inc. maintains that because it was not aware of this specific problem, it should be entitled to summary judgment. We disagree.
The seat in question contains a mechanism which allows adjustment forward and backward. There is also a mechanism which tilts the back of the seat forward and slides the entire seat forward so that passengers can gain entrance to the rear seat area. While Lott & Sons, Inc. maintains that it may have been aware of a problem with the latter mechanism, it was unaware of a problem with the former. This squarely presents a question of fact concerning the mechanism involved. At the time of the motion for summary judgment, there was outstanding discovery pending concerning design of the seat mechanism in question. Questions about the operation and design of that assembly remain. If in fact the mechanism which operates the seat mechanism is one unit, knowledge of a problem with the rear-seat passenger ingress feature may serve as notice of problems with the forward-rear adjustment feature.
Additionally, there may be a question of comparative fault which would preclude summary judgment in this case. Since we find that serious questions of material fact remain, we reverse the decision of the trial court and remand the case for trial on the merits. All costs to be taxed to the appellant.
REVERSED AND REMANDED.

 Barbara Carr Knight, while listed in the pleadings as Barbara Carr, was recently married.